(32 Misc. Rep. 496.)

### UNION NUT & BOLT CO. v. DOHERTY et al.

#### (Supreme Court, Appellate Term.   October 16, 1900.)

1. BILLS AND NOTES—BONA FIDE PURCHASER—NOTICE OF DEFECT.

Where plaintiff, before accepting a note from the payee in payment for certain merchandise, inquired how the payee got the note, and he said for merchandise, and plaintiff went to the place of business of the makers and saw no merchandise, but saw they advertised themselves as in the transportation business, plaintiff should be regarded as a bona fide purchaser for value, as the fact that the makers were engaged in the transportation business was not notice that the note could not have been given for merchandise in the regular course of business.

2. SAME—EVIDENCE.

Where, in an action on a note by a corporation, defendant claimed that plaintiff was not a bona fide purchaser for value, in that it had been affected with notice that the note was not made in the regular course of business, it was not necessary that plaintiff should call all its officers to show that they had not received any notice such as contended by defendant, the witness called on behalf of plaintiff to prove the acquisition of the note having had exclusive charge of the transaction on behalf of plaintiff.

Appeal from city court of New York, general term.

Action by the Union Nut & Bolt Company against Patrick H. Doherty and others. From a judgment in favor of plaintiff, affirmed by the general term (65 N. Y. Supp. 786), defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Harold Nathan, for appellants.
John H. Corwin, for respondent.

BEEKMAN, P. J.   This action is brought upon a promissory note made in the name of Doherty Bros. & Co., payable to the order of C. Selig in four months after the date thereof at the Seaboard National Bank. The firm of Doherty Bros. & Co. consisted of the defendants Patrick H. Doherty, Hugh Doherty, and Charles H. Abbott, and the note in question was drawn and signed in the firm name by the defendant Abbott. The defendants Doherty alone defended the action, and their contention is that the note was not given in the course of any co-partnership transaction; that the firm never received the benefit of it; that their partner, Abbott, had no authority to give it, and that it was given without their knowledge or assent. They further claim that the note was open to this defense in the hands of the plaintiff, inasmuch as it was not a bona fide holder of the same for value. Upon the close of the evidence the defendants moved for a dismissal of the complaint, and upon a denial of the motion

further moved for the direction of a verdict in their favor. This motion was also denied, and, the case having been submitted to the jury, a verdict was rendered in favor of the plaintiff. Exceptions having been duly taken to the above rulings of the court, the question presented upon this appeal is whether, assuming the facts of the case to have been established in a manner most favorable to the plaintiff, the latter, as a matter of law, was entitled to judgment in its favor. The facts as thus found show that the note was given by the payee, Selig, to the plaintiff, before maturity, for a bill of merchandise sold by it to him, and that such sale and delivery were made upon the faith of the note in question, which was handed over by Selig to the plaintiff before the goods had left the possession of the latter. Before this arrangement was made, Mr. Ventres, the representative of the plaintiff in this transaction, asked Selig how he got the note, to which the reply was made, "For merchandise." In addition to this, Mr. Ventres, before accepting the note, went to the office of the defendants, and from a sign over the door observed that they advertised themselves as engaged in the transportation business. He went into the place, and saw desks and general office furniture there, but no merchandise. He did not see either of the defendants. Apparently the only person there was one who was a tenant of theirs, who was unable to give any information about them or their business. No further inquiry was made by the plaintiff except of one of the mercantile agencies, which made a report upon the firm, the nature of which does not appear from the evidence. The measure of the plaintiff's duty to the defendants in the matter is clearly laid down in the case of Cheever v. Railway Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69, where the court says (page 65, 150 N. Y., page 703, 44 N. E., and page 72, 34 L. R. A.):

"There is not much difficulty in stating the rule of law defining the duties and obligations of a party to whom negotiable paper is presented for discount or sale before due. He is not bound at his peril to be on the alert for circumstances which might possibly excite the suspicion of wary vigilance. He does not owe to the party who puts the paper afloat the duty of active inquiry in order to avert the imputation of bad faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by a speculative issue as to his diligence or negligence. The holder's rights cannot be defeated without proof of actual notice of the defect in title or bad faith on his part evidenced by circumstances. Though he may have been negligent in taking the paper, and omitted precautions which a prudent man would have taken, nevertheless, unless he acted mala fide, his title, according to settled doctrine, will prevail."

The chief contention on the part of the defendants is that the plaintiff was affected with notice that said note was not made in the regular course of business, inasmuch as, quoting from the appellants' brief, "the transportation business does not involve in any manner the purchase of merchandise," and that in taking the paper the plaintiff did so at its peril. Great reliance seems to be placed upon the case of Bank v. Weston, 25 App. Div. 414, 49 N. Y. Supp. 542. In that case a note was indorsed by the payee, and subsequently by Weston Bros., after which it was taken by the payee to the bank, where he procured it to be discounted for his own benefit. With re-

spect to this the court says (page 419, 25 App. Div., page 545, 49 N. Y. Supp.):

"These are circumstances, we think, which were well calculated to apprise the bank that the indorsement of Weston Bros. was not made in the regular course of business, and that it could have been made for no other purpose than the accommodation of the payee; and, if so, then the plaintiff was bound to take notice that such indorsement was not within the scope of the partnership business; and if, with this notice, it discounted the note without inquiry as to the validity of the indorsement, it was chargeable with such bad faith as, in our opinion, deprived it of the character of a bona fide holder."

That decision, it will be observed, was based upon the conceded proposition of law that (page 417, 25 App. Div., page 544, 49 N. Y. Supp.) "the indorsement of notes for the accommodation of third parties is not within the scope of partnership business," and that the indorsement of such a note in the co-partnership name by one partner is a fraud upon his co-partners, unless made with their consent. The case can in no wise be an authority for the appellant here unless it can be maintained as a matter of necessary inference that the purchase of merchandise is not within the ordinary scope of the business of a co-partnership engaged in the business of transportation. We are satisfied that this proposition cannot be maintained. Such purchases would be necessary for the purpose of providing and maintaining facilities for the proper conduct of the business, and would be quite properly resorted to for the purpose of promoting and extending the main object of the business. At all events, there is no such necessary inference as that which is contended for here by the appellants from the nature of the defendant's business as would have justified the court in holding that the plaintiff was not a bona fide holder of the note.

The evidence shows that the plaintiff acquired the note for value, upon a present consideration, and before maturity, and that it acted in good faith in the transaction. The contention advanced by the appellants that, inasmuch as the burden rested upon the plaintiff of showing these facts, all the officers of the corporation should have been called as witnesses to show that they had not acquired any knowledge or information adverse to the claim of the plaintiff that it was a holder in good faith, is not tenable. The witness called on behalf of the plaintiff was its agent, who apparently had exclusive charge of the business in the course of which the note was taken, and was the sole participant in the transaction on the part of the plaintiff.

We have considered the other exceptions in the case which were taken to the rulings of the trial justice in the course of the trial, but do not think that they call for any discussion. It is sufficient to say that they do not present error for which the judgment should be reversed. The judgment must be affirmed.

Judgment affirmed, with costs. All concur.